**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James A. BOHN, Defendant–Appellant.**

**No. 88–3218.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 1989 *.

Decided Dec. 4, 1989.

James A. Bohn, Spokane, Wash., pro se.

Thomas O. Rice, Asst. U.S. Atty., Spokane, Wash., for plaintiff-appellee.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a) and Ninth Circuit Rule 34–4.

Before WRIGHT, WALLACE and THOMPSON, Circuit Judges.

WALLACE, Circuit Judge:

Bohn appeals from his conviction on three counts of attempted income tax evasion in violation of 26 U.S.C. § 7201. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We reverse and remand.

I

From 1978 until 1981, Bohn submitted tax returns in which he disclosed no financial information from which a tax could be computed. Instead, in response to the vast majority of questions posed on the return, he asserted his fifth amendment privilege against self-incrimination. During this period, he also submitted W–4 forms in which he claimed exemption from income tax withholding.

Bohn was indicted on three counts of attempted tax evasion for failing to pay tax due and owing, failing to file income tax returns, and submitting false W–4 forms. At the pretrial conference, Bohn requested an *in camera*, ex parte hearing to determine the validity of his fifth amendment claim. The district court refused Bohn's request.

On the first day of trial, Bohn renewed his request for an *in camera*, ex parte hearing. The district judge granted Bohn's request for an *in camera* hearing. However, the judge concluded that the hearing must either include both Bohn's counsel and the United States Attorney or be conducted without either attorney present. Bohn's attorney objected to this procedure.

After a brief recess during which Bohn consulted with his attorney, the district judge conducted an *in camera* hearing without either counsel to determine the validity of Bohn's fifth amendment claim. The record of the proceeding was sealed. After the government finished presenting its evidence, the district court ruled that Bohn had no valid fifth amendment claim on his tax returns. Bohn then declined to offer any evidence and rested his defense.

The jury was charged and returned a guilty verdict on all three counts.

Bohn then filed this appeal, and raises several contentions of error. We first consider Bohn's argument that the district court's decision to exclude Bohn's counsel from the *in camera* hearing violated his sixth amendment right to counsel. We review this question of constitutional law de novo. *United States v. Lucas*, 873 F.2d 1279, 1280 (9th Cir.1989).

II

We have not yet considered the question whether a defendant has a right to have counsel present at an *in camera* proceeding held to assess the validity of a fifth amendment claim. Our test is clear, however: the sixth amendment is violated whenever "the accused is denied counsel at a critical stage of his trial." *See, e.g., United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984); *Estelle v. Smith*, 451 U.S. 454, 470, 101 S.Ct. 1866, 1876–77, 68 L.Ed.2d 359 (1981); *Mempa v. Rhay*, 389 U.S. 128, 133–34, 88 S.Ct. 254, 256–57, 19 L.Ed.2d 336 (1967) (*Mempa*); *Menefield v. Borg*, 881 F.2d 696, 698 (9th Cir.1989) (*Menefield*). Thus, our task is to determine whether an *in camera* hearing to assess the validity of a taxpayer's fifth amendment claim is a "critical stage" of the criminal proceeding.

"Critical stages of the prosecution include all parts of the prosecution implicating substantial rights of the accused." *Menefield*, 881 F.2d at 698 (motion for new trial), *citing Mempa*, 389 U.S. at 134, 88 S.Ct. at 256–57 (sentencing); *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (pretrial line-up); *White v. Maryland*, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) (preliminary hearing). In *Menefield*, we elaborated on this standard and identified three factors which the Supreme Court has found useful in determining whether an event constitutes a critical stage of the prosecution:

First, if failure to pursue strategies or remedies results in a loss of significant rights, then Sixth Amendment protec-

tions attach. Second, where skilled counsel would be useful in helping the accused understand the legal confrontation, we find that a critical stage exists. Third, the right to counsel applies if the proceeding tests the merits of the accused's case.

881 F.2d at 698–99 (citations omitted).

■ Applying these factors, we conclude that the *in camera* hearing to assess the validity of Bohn's fifth amendment claim was a critical stage of the criminal proceeding. The validity of Bohn's assertion of the fifth amendment was the key issue in the entire case. As we observed in *United States v. Neff*, 615 F.2d 1235 (9th Cir.) (*Neff*), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980), "[t]he Supreme Court has stated that the privilege against self-incrimination, if validly exercised, is an absolute defense to a section 7203 prosecution for failure to file an income tax return." *Id.* at 1238, *citing Garner v. United States*, 424 U.S. 648, 662–63, 96 S.Ct. 1178, 1186–87, 47 L.Ed.2d 370 (1976). Although this case involves a prosecution under section 7201 for attempted tax evasion, the same reasoning applies: if the district court had determined that Bohn's assertion of the fifth amendment was valid, Bohn could not have been convicted. The *in camera* stage of the trial was, therefore, at least as critical as the trial itself.

The presence of counsel is especially important where the accused is asserting a fifth amendment privilege. In order to show that his assertion of the privilege is valid under our decision in *Neff*, the accused must " 'show that answers to [the questions] might criminate him.' " *Neff*, 615 F.2d at 1240, *quoting United States v. Weisman*, 111 F.2d 260, 261 (2d Cir.1940). The defendant, however, need not "confess the crime he has sought to conceal by asserting the privilege." *Id.* Counsel thus plays an important role in helping a defendant articulate why the answers to the questions are legally incriminating, while at the same time preserving the constitutional right which the defendant asserts. An *in camera* hearing on the validity of a

fifth amendment assertion, then, is plainly a situation in which "skilled counsel would be useful in helping the accused understand the legal confrontation." *Menefield*, 881 F.2d at 699.

This conclusion is only amplified where, as here, the district court's decision on the validity of the privilege will determine whether a criminal conviction is possible. This decision clearly "tests the merits of the accused's case." *Id.*

We hold that the *in camera* proceeding to determine the validity of Bohn's fifth amendment claim was a critical stage of the prosecution against him. Bohn, therefore, had a right to have counsel present at the *in camera* hearing.

### III

The parties argue that antecedent to our right to counsel analysis, we must decide whether a district court is required to hold an *in camera* hearing to address the validity of a fifth amendment claim. We have not yet addressed this issue, and we need not reach out to do so in this case. Since we conclude that the *in camera* hearing constituted a critical stage of the trial, the issue whether the district judge was required to proceed in this manner is irrelevant to the sixth amendment analysis.

### IV

In its brief, the government asserts that Bohn consented to a hearing without counsel, implicitly suggesting that Bohn waived his right to counsel. But the law is clear that a criminal defendant's decision to represent himself "must be made knowingly and intelligently." *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir.1987) (*Balough*); *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (*Faretta*); *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012–13, 32 L.Ed.2d 530 (1972). It is also axiomatic that in order to waive knowingly and intelligently the right to counsel, a defendant must be informed that he has a right to counsel. *See Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541 (requiring a court to make sure that a defendant who wants to

represent himself " 'knows what he is doing and [that] his choice is made with eyes open'"), *quoting Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942); *but see United States v. Verkuilen*, 690 F.2d 648, 657–58 (7th Cir.1982) (finding that a defendant waived his right to counsel where he consented to the district court's decision to conduct, without counsel present, an *in camera* inquiry regarding his assertion of a fifth amendment privilege). Indeed, we have required that during a critical stage of the trial, "the request to proceed without counsel be unequivocal." *Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir.1989); *see also Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541.

■ In this case, the district court informed Bohn that his counsel could not attend the *in camera* hearing unless the government's attorney was also present. Although Bohn eventually agreed to proceed without counsel, this decision was not the result of an affirmative, unequivocal request. To the contrary, Bohn's counsel specifically objected that Bohn was "being put in a situation where [he has] to give up one right to receive another." Under these circumstances, we cannot conclude that Bohn knowingly and intelligently waived his right to counsel during the *in camera* hearing.

## V

■ The government argues that even if Bohn was denied his sixth amendment right to counsel, such a denial was harmless error because Bohn has failed to show any prejudice resulting therefrom. However, both this circuit and the Supreme Court have held that harmless error is inapplicable to cases where a defendant is denied the right to have counsel present at a critical stage of the proceedings against him. *See, e.g., Penson v. Ohio*, — U.S. —, 109 S.Ct. 346, 353–54, 102 L.Ed.2d 300 (1989) (concluding that the "pervasive denial of counsel casts such doubt on the fairness of the trial process, that it can never be considered harmless error"); *Rose v. Clark*, 478 U.S. 570, 577–78, 106 S.Ct. 3101,

3105–06, 92 L.Ed.2d 460 (1986); *Chapman v. California*, 386 U.S. 18, 23 & n. 8, 87 S.Ct. 824, 827 & n. 8, 17 L.Ed.2d 705 (1967) (citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), for the proposition "that there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error"); *Balough*, 820 F.2d at 1489–90 (concluding that "harmless error analysis is inappropriate" where the defendant "was denied his right to counsel at both the hearing on his motion to withdraw his guilty plea and the sentencing hearing"). As the Court stated in *Rose*, "[h]armless-error analysis ... presupposes a trial, at which the defendant, represented by counsel, may present evidence and argument before an impartial judge and jury." 478 U.S. at 578, 106 S.Ct. at 3106. We conclude that because Bohn was denied his sixth amendment right to have counsel present at the *in camera* hearing, we may not engage in harmless error analysis.

Because we conclude that Bohn was denied his right to counsel in violation of the sixth amendment, we do not address his other contentions of error.

REVERSED AND REMANDED.