996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Huwell CRAIG, Defendant-Appellant. (Three Cases)
 Nos. 91-50778, 91-50787 and 91-50789.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1993.
Decided June 30, 1993.
 
 Before: KOZINSKI, SUHRHEINRICH,* and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 1. Sixth Amendment Right to Counsel
 
 2
 "[T]he sixth amendment is violated whenever the accused is denied counsel at a critical stage of his trial." United States v. Bohn, 890 F.2d 1079, 1080 (9th Cir.1989) (quotations omitted). " 'Critical stages of the prosecution include all parts of the prosecution implicating substantial rights of the accused.' " Id. (quoting Menefield v. Borg, 881 F.2d 696, 698 (9th Cir.1989) (emphasis added)). The Supreme Court has found three factors useful in determining when the event constitutes a critical stage: (1) " 'if failure to pursue strategies or remedies results in a loss of significant rights,' " (2) if " 'skilled counsel would be useful in helping the accused understand the legal confrontation,' " and (3) " 'if the proceeding tests the merits of the accused's case.' " Id. at 1080-81 (quoting Menefield, 881 F.2d at 698-99).
 
 
 3
 Craig's substantial rights were not affected by the MDC hearing. The district court's purpose in conducting the hearing was to ensure that Craig understood that he had a right to counsel who would act solely in Craig's interest. No adversarial proceeding occurred, nor did the hearing result in any ruling or determination. The district court was careful to avoid commenting on the substance of Craig's complaints against his attorney. Thus, strategies, remedies, legal confrontation, and the merits of the case were not implicated and the MDC hearing could have had no effect on the course of the proceedings.
 
 
 4
 Craig's contention his relationship with his attorney was irrevocably breached by the court's failure to have counsel in attendance at the hearing is unsupported by the record. The district court merely advised Craig of his rights and did not comment on Craig's specific complaints. Nothing that occurred at the hearing could have caused a breach, and there is significant evidence that the breach occurred before the hearing took place.
 
 
 5
 Craig's contention that the hearing was a critical phase because the district court drew a negative conclusion about Craig's demeanor is supported only by conjecture and does not implicate any of the three Menefield factors.
 
 2. Judicial Conduct
 
 6
 Canon 3(A)(4) of the ABA Code of Judicial Conduct (as amended 1984) provides:
 
 
 7
 A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.
 
 
 8
 The Canon only provides that "every person ... or his lawyer" be permitted to appear, it does not require that the person must be permitted to appear with his lawyer. Further, an ex parte communication in this context is one submitted by one side without notice to the other. See Black's Law Dictionary 576 (6th ed. 1990). The district court was communicating with Craig's "side." Only the government was not present. If anyone was disadvantaged by the ex parte communication, it was not Craig. The lack of prejudice to Craig leads us to conclude that he is not a proper person to invoke our supervisory powers. See United States v. Hasting, 461 U.S. 499, 506 (1983) ("Supervisory power to reverse a conviction is not needed as a remedy when the error to which it is addressed is harmless....")
 
 3. Restitution
 
 9
 Restitution was ordered pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663-3664. Section 3664 "provides that the court 'shall consider' a variety of factors, including the defendant's financial resources, financial needs and earning capacity" when determining whether to order restitution. United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.), cert. denied, 493 U.S. 895 (1989); 18 U.S.C. § 3664(a). The Act does not require the court to make specific findings of fact to support its decision. Id. "Because the Act only requires that the district court 'consider' the listed factors, the record need only 'reflect that the district judge had at his disposal information bearing on the considerations enumerated in section 3664.' " United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991) (quoting Cannizzaro, 871 F.2d at 811), cert. denied, 112 S.Ct. 1515 (1992).
 
 
 10
 The Presentence Report (PSR) specifically said that "Restitution is not an issue in this case." It also noted, and did not contest, Craig's statement in his financial report that he had no assets and no liabilities. The PSR contained no information on the "financial needs and earning ability of ... the defendant's dependents" which is one of the factors specifically listed in 18 U.S.C. § 3664 for consideration by the district court. Thus, the district court did not have at its disposal the information it needed to consider the factors stated in § 3664. Without a complete basis on which to consider Craig's ability to pay restitution upon completion of the term of imprisonment, there was no way to determine that the "restitution obligation imposed ... [is] one the defendant is capable of satisfying." United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993). Therefore, the sentence must be vacated and the case remanded for further proceedings.
 
 
 11
 Considering the unusual circumstances of this case, we find it advisable to remand to a different district judge to preserve "the appearance of justice." See Medrano v. City of Los Angeles, 973 F.2d 1499, 1508 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3787 (1993); United States v. Sears, Roebuck & Co., 785 F.2d 777, 780 (9th Cir.), cert. denied, 479 U.S. 988 (1986). Judge Ideman's comments in disqualifying Craig's lawyer from appearing before him give the impression that he was offended by Craig's decision to seek recusal. The imposition of such a large amount of restitution on an impecunious defendant leaves open the possibility, even though not the probability, that an unconscious bias had guided the judge's hand in setting the restitution to Craig's detriment. For this reason, we consider remand with instructions for reassignment warranted in this setting to "preserve the appearance of justice." See Medrano, 973 F.2d at 1508; 28 U.S.C. § 2106.
 
 
 12
 We AFFIRM the convictions, VACATE the sentences, and REMAND for resentencing with instructions that the case be reassigned on remand.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3