50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Estevan Carrera SEGUAME Defendant-Appellant.
 No. 94-50157.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1995.
Decided March 16, 1995.
 
 Before: BROWNING, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Estevan Carrera Seguame appeals his conviction for conspiracy to possess and distribute cocaine, 21 U.S.C. Sec. 846, for possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), and for attempted distribution of cocaine, 21 U.S.C. Sec. 841(a)(1). Seguame argues that the failure of his counsel to appear for the first trial date, the first sentencing hearing, and the return of the verdict constituted ineffective assistance of counsel, in violation of his Sixth Amendment right to counsel. He also claims that the court's determination to hold his counsel in contempt of court created a conflict of interest that rendered the attorney's assistance constitutionally ineffective. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 STANDARD OF REVIEW
 
 3
 The issue of whether a defendant has received ineffective assistance of counsel is reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). The court may consider a claim of ineffective assistance of counsel on direct appeal to the extent that the claim does not rely on facts outside the record below. Id. at 1072.
 
 I.
 
 4
 To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) the ineffective assistance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). When there has been an actual or constructive denial of counsel at a critical stage of the proceedings, however, the defendant need not show prejudice. United States v. Cronic, 466 U.S. 648, 659 & n. 25 (1984); Strickland, 466 U.S. at 692.
 
 
 5
 Seguame argues that attorney Walter Channels's absence on the first day of trial and from the sentencing hearing constituted a denial of counsel. The record, however, reveals that rather than commence the trial without counsel for the defendant, the court postponed the proceedings. After Channels assured the court on September 15, 1993 that he was prepared for trial, the court rescheduled trial for September 21, at which time Channels appeared and defended Seguame. Similarly, the court did not sentence Seguame without counsel. After Channels failed to appear as scheduled on November 23, 1993, the court continued the proceedings and appointed new counsel, who represented Seguame at sentencing on February 7, 1994. Because the court continued the case rather than proceed with trial and sentencing in the absence of counsel, there was no denial of the assistance of counsel. Cf. Ungar v. Sarafite, 376 U.S. 575, 590 (1964) (finding no constitutional violation even where pro se defendant was denied a continuance to prepare his case after his counsel had withdrawn).
 
 
 6
 Alternatively, Seguame argues that Channels's failure to appear violated Seguame's Sixth Amendment rights because it constituted deficient performance and prejudiced his defense. Strickland, 466 U.S. at 687. Although the parties agree that Channels's actions fell below the objective standard of "reasonably effective assistance" as measured by "prevailing professional norms," id. at 687-88, Seguame has not established prejudice. In order to show prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Seguame's sole assertion of prejudice is that had Channels been present on the first day of trial, he would have heard the judge's refusal to accept a guilty plea by co-defendant Larios on the attempt count and therefore would have filed a pretrial motion to dismiss the attempt charge in Seguame's case.
 
 
 7
 This argument lacks merit. First, prejudice does not result from a failure to move for dismissal of arguably duplicative, but permissible, charges. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982). Although the trial judge expressed concern that the charge for attempted distribution was "overkill" and ran contrary to his understanding of the government's "standard procedure" in drug cases, there is no indication that the charge for attempted distribution was impermissible. Attempted distribution differs from possession with intent to distribute in that it requires a "substantial step" toward distribution. United States v. Still, 850 F.2d 607, 608 (9th Cir.1988), cert. denied, 489 U.S. 1060 (1989). The record reflects a factual basis for this element, as Seguame had taken the affirmative step toward distribution of directing his associate to show cocaine to a prospective buyer.
 
 
 8
 Moreover, the judge's dissatisfaction with the attempt count against Larios did not guarantee the dismissal of the charge against Seguame. Because the prosecution conditioned its dismissal of Larios's attempt count on a guilty plea on the other counts, we cannot infer that the presence of Seguame's counsel would have led the government to grant a similar dismissal to Seguame, who had insisted on proceeding to trial. See United States v. Barrera-Moreno, 951 F.2d 1089, 1092-93 (9th Cir.1991), cert. denied, 113 S.Ct. 417 (1992) (noting that the prosecutor has control over charging decisions, absent a constitutional or statutory violation).
 
 
 9
 Finally, Seguame's concession that dismissal of the attempt count would not have affected his sentence, other than to reduce the mandatory assessment from $150.00 to $100.00, thwarts his claim of prejudice. Accordingly, we reject Seguame's argument that he was prejudiced by Channels's failure to appear on the first day of trial and on the sentencing date.
 
 II.
 
 10
 Seguame further asserts that Channels's absence from the return of the verdict violated Seguame's Sixth Amendment rights. Because Seguame does not allege any prejudice arising from this omission, he cannot satisfy the Strickland test for ineffective assistance of counsel. Thus, the issue is whether Channels's failure to appear amounted to an "[a]ctual or constructive denial of assistance of counsel" that would create a Sixth Amendment violation without any showing of prejudice. Strickland, 466 U.S. at 692.
 
 
 11
 We find that there was no denial of counsel because Seguame waived his right to have counsel present at the return of the verdict. Cf. United States v. Bohn, 890 F.2d 1079, 1081-82 (9th Cir.1989) (indicating that waiver of right to counsel would validate a hearing held in the absence of counsel). For a valid waiver of the right to counsel, the government must show that (1) the court specifically informed the defendant that he has a right to counsel, Bohn, 890 F.2d at 1081, (2) that the defendant's waiver was "unequivocal," id. at 1082; Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir.1989), and (3) that the waiver was "knowing and intelligent," which requires a showing that the defendant was aware of "the dangers and disadvantages of self-representation." Faretta v. California, 422 U.S. 806, 835 (1975); United States v. Mohawk, 20 F.3d 1480, 1484 (9th Cir.1994); United States v. Balough, 820 F.2d 1485, 1487 (9th Cir.1987). A defendant may waive the right to counsel at the return of the verdict. See Lovvorn v. Johnston, 118 F.2d 704, 706 (9th Cir.), cert. denied, 314 U.S. 607 (1941).
 
 
 12
 The trial judge satisfied the first prong when he specifically told Seguame, "You are entitled to have your attorney present." Although Seguame's initial statement on the waiver issue, "I'm leaning towards the last choice you gave, Your Honor," was not unequivocal, later in the colloquy he twice responded "Yes, Your Honor" to direct questions of whether he would be willing to waive his right to counsel. These unwaivering responses satisfy the second requirement of an "unequivocal" waiver.
 
 
 13
 The record also reflects that Seguame gave a "knowing and intelligent" waiver. Not only did the judge tell Segaume that he did not have to waive his rights and that "I don't want to push you into anything," he also gave the option of having another counsel appointed for this hearing. The judge effectively informed Seguame of the only significant disadvantage of self-representation at the return of the verdict, the inability to poll the jury, and offered a procedure by which to offset this disadvantage, having the judge poll the jury. Because Seguame's waiver was "knowing and voluntary," we reject the claim of denial of counsel at the return of the verdict.
 
 III.
 
 14
 Finally, Seguame argues that the court's issuance of an Order to Show Cause for criminal contempt against Channels created a conflict of interest that rendered Channels's legal assistance ineffective. In order to show ineffective assistance on the basis of conflict of interest, a party must show that (1) the counsel "actively represented conflicting interests"; and (2) "an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348, 350 (1980); Strickland, 466 U.S. at 692; Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir.), cert. denied, 488 U.S. 908 (1988). When a counsel performs under an actual conflict of interest, a defendant need not show prejudice in order to establish a claim for ineffective assistance of counsel. Cuyler, 446 U.S. at 349-50; Cronic, 466 U.S. at 662 n. 31.
 
 
 15
 Seguame has not shown any conflict of interest. Although the court cited Channels for contempt for failure to appear at the return of the verdict on September 24, and later issued another Order to Show Cause after the failure to appear at sentencing in November, these incidents could not be the basis of any "active[ ] represent[ation] of conflicting interests" because Channels did not appear on behalf of Seguame after trial ended on September 24. The only relevant incident, therefore, is the court's issuance of an Order to Show Cause on criminal contempt after Channels's failure to appear on the first day of trial. Because the court ultimately declined to hold the attorney in criminal contempt, Seguame's theory rests on the proposition that the threat of criminal contempt created a conflict of interest because Channels's need to protect his own professional interests was in competition with his duty of loyalty to Seguame.
 
 
 16
 We reject this theory. The fact that an attorney had "personal adversity" arising from flaws in his legal representation does not reveal that he is "beset with conflicting interests prejudicial" to his client, nor does it place the lawyer "in an adversarial relationship" with the client. United States v. Mouzin, 785 F.2d 682, 699 (9th Cir.), cert. denied, 479 U.S. 985 (1986); United States v. Jimenez, 928 F.2d 356, 362 (10th Cir.) (finding no actual conflict of interest arising from the possibility that an attorney would be held in criminal contempt for improper dissemination of grand jury materials), cert. denied, 502 U.S. 854 (1991); United States v. Logan, 998 F.2d 1025, 1029 (D.C.Cir.) (rejecting the argument that repeated confrontations between trial counsel and the court, resulting in a finding of contempt, created a conflict of interest), cert. denied, 114 S.Ct. 569 (1993).
 
 
 17
 In fact, in this instance, Channels's interests were aligned with those of Seguame. Because the threat of contempt was based on Channels's lack of attention to Seguame's case, Channels would appear to best serve his interest in protecting himself from sanction by zealously representing Seguame at trial. See United States v. Herrera-Rivera, 25 F.3d 491, 495-96 n. 3 (7th Cir.1994); Jimenez, 928 F.2d at 362 (finding that lawyer and client had interests that were "not inconsistent"). Moreover, the conflict of interest argument fails because there is no indication of any adverse effect on Channels's performance. See Cuyler, 446 U.S. at 350; United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991). The record reflects that Channels made numerous objections, conducted significant cross-examination, and presented a viable defense case-in-chief. We therefore reject Seguame's claim of ineffective assistance of counsel arising from a conflict of interest.
 
 CONCLUSION
 
 18
 For the foregoing reasons, the conviction is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3