**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Kenneth Edwin JOHNSON, Defendant—Appellant.**

**No. 99–15467.**

United States Court of Appeals, Ninth Circuit.

---

Submitted March 13, 2003.*

Decided May 28, 2003.

Before: RYMER, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM **

Kenneth Johnson appeals the district court's denial of his motion to vacate his conviction and sentence under 28 U.S.C. § 2255. We granted a certificate of appealability with respect to whether Johnson was deprived of his Fifth Amendment right to due process and/or his Sixth Amendment right to counsel when the trial court excluded his counsel from two pretrial in camera hearings regarding disclosure of the government's confidential informants. We have jurisdiction under 28 U.S.C. § 1291 and we affirm. We review *de novo* a district court's decision to deny a motion under 28 U.S.C. § 2255. *United States v. Sanchez–Cervantes*, 282 F.3d 664, 666 (9th Cir.2002).

---

ments, when literal compliance with rule would be impossible.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The district court's accommodation of Johnson's right to a fair trial and the government's concern for the safety of the confidential informants did not infringe upon Johnson's Fifth or Sixth Amendment rights. The in camera hearings were not a "critical stage" of the criminal proceedings, so Johnson's right to counsel was not violated. *See, e.g., United States v. Bohn,* 890 F.2d 1079, 1082 (9th Cir.1989) (identifying factors to consider). Johnson's counsel was allowed to submit a list of questions for the district court to ask, the court asked the questions, and Johnson's attorney had a chance to cross-examine the informants before trial. Also, Johnson's counsel forcefully objected to the in camera proceeding and was obviously knowledgeable about the nature of the proceeding. There is no suggestion in the record that she was not useful in helping Johnson understand what was going on. And the in camera hearings involved a preliminary evidentiary question, not the merits of the charges. In these circumstances, neither Johnson's right to counsel nor his right to due process was violated. *See, e.g., United States v. Anderson,* 509 F.2d 724 (9th Cir. 1974).

■ Furthermore, we have reviewed the transcript of the first in camera hearing and conclude that the outcome of Johnson's trial would not have been different had defense counsel been present during the in camera hearings. The district court properly denied § 2255 relief based on Johnson's argument that his rights were violated by the exclusion of his counsel from the in camera hearings.

AFFIRMED

PAEZ, J., concurring.

Because I read the COA as encompassing Johnson's claim that he was denied the right to *effective* assistance to counsel as a part of his claim that he was denied

the right to counsel under the Sixth Amendment, I write separately to explain why the district court's decision to hold in camera hearings did not directly nor constructively deprive Johnson of his right to effective counsel. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("[T]he court has recognized that the right to counsel is the right to the effective assistance of counsel." (internal citation omitted)). Johnson argues that he was constructively denied effective assistance of counsel because of his defense counsel's exclusion from the in camera hearings. Johnson claims this prevented his counsel from "participat[ing] fully and fairly" in the fact-finding process and prevented his attorney from effectively litigating his Fourth Amendment claims.

To establish ineffective assistance of counsel, a defendant must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. Here, defense counsel's performance was not deficient. Counsel strenuously argued that the informants' identities were tainted and therefore should have been suppressed. Furthermore, she filed multiple motions to suppress and a motion to reveal the identities of the informants, objected to the holding of in camera hearings without her presence, and submitted questions for the court to ask during the in camera hearings. Moreover, even if counsel's performance was somehow deficient, Johnson cannot meet the prejudice prong of *Strickland* because the results of his trial would not have been different even if counsel had been present in the in camera hearings.

In arguing that he was denied his Sixth Amendment right to counsel, Johnson relies on *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). *Her-*

*ring* held that a trial court's restrictions that prevented counsel from "particip[ing] fully and fairly in the adversary factfinding process" violated the defendant's Sixth Amendment right to assistance of counsel. *Id.* at 858, 865. Here, Johnson's counsel was not prevented from participating fully and fairly in the adversarial process. As noted, Johnson's attorney submitted questions for the court to ask during the in camera hearings, the government provided Johnson with a redacted transcript of the first in camera hearing, his attorney was afforded an opportunity to interview the informants prior to trial, and Johnson was not prevented from consulting with his attorney. *See United States v. Thompson,* 827 F.2d 1254, 1258 (9th Cir.1987) (concluding that a district judge's ex parte consideration of whether to reveal to the defense the identity of a government informant generally does not violate a defendant's Sixth Amendment right under *Herring* ). The district court did not violate Johnson's Sixth Amendment right to counsel, including his right to the effective assistance of counsel, when it excluded Johnson's counsel from the in camera hearings. Accordingly, I also would affirm the district court's judgment on this alternative basis.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).