UNITED STATES of America, Appellant,

v.

Tina Renee DESORMEAUX, Appellee.

UNITED STATES of America, Appellee,

v.

Tina Renee DESORMEAUX, Appellant.

Nos. 92–1695, 92–1742.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1993.

Decided Sept. 9, 1993.

Stephen D. Easton, Fargo, ND, argued, for appellant.

Ralph A. Vinje, Bismarck, ND, argued, for appellee.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

WOLLMAN, Circuit Judge.

This case appears before us for a second time on appeal. In *United States v. Desormeaux*, 952 F.2d 182 (8th Cir.1991), we held that the district court had erred in departing downward from the range prescribed by the Sentencing Guidelines, and we reversed and remanded for resentencing. The government has appealed from the sentence imposed by the district court following our remand, and we once again reverse and remand for resentencing.

The facts surrounding the incident that led to the conviction in this case were fully set forth in our opinion in the first appeal and will not be recounted at length here. Suffice it to say that Tina Renee Desormeaux was convicted of assault resulting in serious bodily injury and assault with a dangerous weapon, violations of 18 U.S.C. § 1153 and 18 U.S.C. §§ 113(c) and (f). The charges against Desormeaux arose out of an incident in which she stabbed Karen Middletent in the kidney with a hunting knife.

In imposing its original sentence upon Desormeaux, the district court departed downward from the Sentencing Guidelines range of 37–46 months and imposed a sentence of 24 months, citing Desormeaux's history of childhood abuse and the resulting emotional trauma, her post-arrest conduct, and the victim's wrongful conduct. On appeal, we held that Desormeaux's life experiences were not so notably different from others reared in similar circumstances as to take her case out of the Guidelines range. We also pointed to the fact that Desormeaux had inflicted a serious bodily injury upon a legally blameless victim without any legal cause or factual justification. Accordingly, we vacated the sentence and remanded the case to the district court for resentencing.

Upon receiving our mandate, the district court wrote to Desormeaux's counsel, with copies to the United States Attorney and the probation office, indicating the court's desire to once again depart downward and expressing the hope that it could impose the same sentence that it had originally imposed. The letter stated in part that "I assume that some magic combination of statement of reasons or specific fact-finding whether real or fiction must be employed to accomplish my purpose."

Carrying out the intention that it had expressed in its letter to counsel, the district court made the following statements at the resentencing hearing:

Being more brutally honest than I generally am, it is my intention to come out as close to the sentence that I was reversed on as I can without doing gross distortions, but in the process I am coming out with an opinion and belief that at a minimum I must increase the 24–month sentence previously imposed by approximately four months, and to get to this point, I am being less than intellectually honest, and I will so state upon the record.

To get to this point I must find that the injury to Tina Desormeaux does not—to Karen Middletent does not qualify for the full four-point enhancement as a serious bodily injury. It is a knife wound which did penetrate the kidney, which resulted in a degree of blood loss, which but for the fear of AIDS and contaminated blood would have under other circumstances probably led to the provision of a transfusion. It did not require any surgical intervention, basically required whatever stitches were necessary to close a one-and-a-half-inch knife wound and, as far as I know, has healed without further complications other than the victim indicating a feeling of experiencing pain on occasion in the area of the wound. The doctor also indicates the, quote, possibility, close

quote, of later complications arising later in life as a potential residual of the injury.

The Court, after noting that, notes the definition of "serious bodily injury" contained in the Guidelines in Section 1B1.1(j), and finds at this time that the injury, by the grace of God and serendipity, does not constitute a serious bodily injury, and the Court, therefore, finds the base level to be 21, rather than the initial 23 which forms the basis for the 37 to 46–month sentencing range.

The district court then awarded Desormeaux a two-level reduction for acceptance of responsibility, resulting in a base offense level of 19, which, given Desormeaux's criminal history category of I, resulted in a sentencing range of between 30 to 37 months.

The district court then departed downward from the 30–month minimum sentence to a sentence of 28 months, taking into account the fact that Desormeaux had spent two months at the Abused Adult Resource Center in Bismarck, North Dakota, prior to her trial. Alternatively, the district court granted Desormeaux credit against the 30–month Guidelines sentence for the two months that she had spent at the resource center. The district court summarized the process by which it had determined the sentence as follows:

So it will be the sentence of the Court as described above, with the net result that the previous 24–month sentence imposed is increased by a four-month period, which shall extend the presumptive release date by that period, and it is done so either by a downward departure from the 30–month minimum range at a 19–point finding or by the granting of credit, if within the power to do by the Court, for the time spent in the Adult Women's—Abused Adult Women's Resource Center.

The Sentencing Guidelines define serious bodily injury as follows:

"Serious bodily injury" means injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. As used in the guidelines, the definition of this term is somewhat different than that used in various statutes.

U.S.S.G. § 1B1.1, Application Note 1(j).

■ As we pointed out in our opinion in the first appeal in this case, after receiving emergency treatment at a local hospital Ms. Middletent was hospitalized in Bismarck for four days for treatment of her lacerated kidney and the resulting blood loss that she suffered as a result of the stabbing. Ms. Middletent's attending physician testified that Ms. Middletent had been stabbed in her left kidney, had suffered excruciating pain, had nearly lost the kidney, had lost one-third of her blood supply, had blood in her urine, and would have received a needed blood transfusion had it not been for the risk of contracting AIDS or hepatitis. Ms. Middletent's medical treatment consisted of the administration of Novocaine, the application of internal and external stitches, and the administration of a CAT scan, an intravenous pyelogram, and numerous x-rays. Ms. Middletent, who had given birth to three children, described the pain that she had suffered as "a lot worse than giving birth to a child, I know that for sure."

Given the severity of Ms. Middletent's injuries and the resultant pain that she suffered, we are compelled to conclude that the district court clearly erred in finding that Ms. Middletent had not suffered serious bodily injury as a result of the stabbing. What we said in a recent Sentencing Guidelines case applies with equal force in this case: "A court does not have discretion to find a fact; facts are determined by the evidence. A court cannot find (or fail to find) a fact simply because it desires to change the sentence." *United States v. Bell*, 991 F.2d 1445, 1451 (8th Cir.1993). In a similar vein, we observed even more recently that "[d]isagreement with the Guidelines does not justify a departure." *United States v. Marshall*, 998 F.2d 634, 635 (8th Cir.1993).

■ Likewise, we conclude that the district court erred in attempting to credit against her sentence the time that Desormeaux had spent in the Abused Adult Resource Center. *United States v. Wilson*, —— U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593

(1992); *Moreland v. United States,* 968 F.2d 655 (8th Cir.) (en banc), *cert. denied,* — U.S. ——, 113 S.Ct. 675, 121 ·L.Ed.2d 598 (1992).

The sentence is vacated, and the case is once again remanded to the district court for resentencing.