USCA1 Opinion

 

 June 28, 1996 United States Court of Appeals For the First Circuit ____________________ No. 95-2186 UNITED STATES OF AMERICA, Appellee, v. REYNALDO VAZQUEZ RIVERA, Defendant, Appellant. ____________________ ERRATA SHEET ERRATA SHEET The opinion of this Court issued on May 21, 1996, is corrected as follows: Page 2, second paragraph, lines 4-6, delete sentence that begins: "We conclude, however, . . ." Replace it with the following sentence:  We conclude, however, that the factual record has not been sufficiently developed to support the sentence enhancement, and therefore remand for the district court to reconsider the sentencing options. Page 13, delete footnote 9. Replace it with the following footnote: 9 Although a rape of any type surely is a sufficiently serious physical invasion to justify a sentencing enhancement, the statute as written requires evidence of the specific, objective types of harm set out there. It may be that, in choosing the definition of serious bodily injury contained in 1365, a statute that penalizes the tampering of consumer products, see supra ___ _____ at 10, Congress did not recognize the limitations of its language.  Page 14, line 5, insert "evidentiary" between "some" and "basis."  United States Court of Appeals For the First Circuit ____________________ No. 95-2186 UNITED STATES OF AMERICA, Appellee, v. REYNALDO VAZQUEZ RIVERA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Gustavo A. Gelpi, Assistant Federal Public Defender, with _________________ whom Benicio Sanchez Rivera, Federal Public Defender, was on _______________________ brief for appellant. Edwin O. Vazquez, Assistant United States Attorney, with _________________ whom Guillermo Gil, United States Attorney, and Jose A. Quiles ______________ _______________ Espinosa, Senior Litigation Counsel, were on brief for appellee. ________ ____________________ May 21, 1996 ___________________ COFFIN, Senior Circuit Judge. Defendant Reynaldo Vazquez _____________________ Rivera was convicted of carjacking in violation of 18 U.S.C.  2119. He claims that the district court committed two errors: first, by allowing the jury to hear evidence that he raped the carjacking victim and, second, by increasing his sentence based on a finding that the rape constituted "serious bodily injury" within the meaning of the statute's enhancement provision.1 The admissibility issue is close. We ultimately have been persuaded, however, that the prejudicial impact of the rape evidence did not substantially outweigh its probative value. We therefore affirm the defendant's conviction. We conclude, however, that the factual record has not been sufficiently developed to support the sentence enhancement, and therefore remand for the district court to reconsider the sentencing options. I. Background __________  ____________________ 1 At the time of the offense, section 2119, which has since been amended, provided, in pertinent part: Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall -- (1) be fined under this title or imprisoned not more than 15 years, or both, (2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both . . . . -3- Near midnight on June 24, 1994, just after Lydita Crespo- Suarez had parked her car near the restaurant where she worked and was retrieving some items from the back seat, defendant Vazquez came up from behind and forced her back into the vehicle. She testified that he had a weapon that she initially could not see clearly, but later realized was a knife. Defendant drove Crespo from the busy section of Isla Verde where the incident began to a remote beach area in Naguabo, ordered her to disrobe and get out of the car, and then raped her. According to Crespo's testimony, defendant had a gun that he put into his waist as he got out of the car, and which he placed on the car roof before raping her. After the assault, defendant let Crespo go and he drove off in her car. She walked along the road until she encountered a police officer, who took her to a police station where she gave an account of her ordeal. A short time later, she was examined at a hospital and then sent home. Defendant was arrested about a month after the crime, and was identified by Crespo in a lineup. He was charged with one count of carjacking, the indictment stating that he had taken a vehicle from Crespo "by force and violence, inflicting serious bodily injury, that is: rape her."2  ____________________ 2 A second count charging that appellant used a firearm during a crime of violence in violation of 18 U.S.C. 924(c) was dismissed on double jeopardy grounds. Although the court later reconsidered the dismissal, it chose to let the partial judgment stand because the government had not sought review of the dismissal. -4- In a motion in limine, Vazquez asked that the "serious bodily injury/rape" language be deleted from the indictment because it related only to the sentence enhancement portion of  2119 and not to the offense conduct itself.3 The district court denied the motion. Defendant sought reconsideration, and, because his defense would rest entirely on his claim that he did not have a gun,4 he urged the court to compel the government to accept his stipulation to the element of "force and violence" or "intimidation" so as to make evidence of the rape irrelevant. The court again denied the motion, stating that "the government has a right to present all the facts that . . . show that there was a revolver involved." The testimony at the three-day trial revealed inconsistencies in law enforcement reports of Crespo's statements about what weapons she had seen and when she had seen them. The police officer who first encountered her testified that she reported being approached by an individual with a gun. In her own cross-examination, Crespo denied saying that a gun was involved in the original assault and stated that she first saw  ____________________ 3 As noted earlier, see note 1 supra, 2119(1) provides for ___ _____ a 15-year maximum term, which is enhanced under subsection (2) to a 25-year maximum if "serious bodily injury" results. Subsection (3) provides that, if death results, the carjacker may be imprisoned for life. 4 As indicated earlier, see note 1 supra, the carjacking ___ _____ statute under which Vazquez was convicted included firearms possession as one of its elements. Section 2119 has since been amended to substitute the phrase "with the intent to cause death or serious bodily harm" for the language requiring possession of a firearm. See United States v. Rivera-Gomez, 67 F.3d 993, 996 ___ _____________ ____________ n.1 (1st Cir. 1995).  -5- the gun at Naguabo. Notes made by another officer who interviewed her when she was brought to the Naguabo police station referred only to a knife or similar sharp object. An FBI agent testified that Crespo first mentioned seeing a knife near the driver's seat of the car a few days before trial. The trial transcript also contains at least ten references to the rape.  Vazquez was convicted, and subsequently was sentenced to the statutory maximum term of twenty-five years' imprisonment based on the court's finding that the rape constituted "serious bodily injury." Vazquez unsuccessfully argued that the enhancement was inapplicable because the record failed to show that Crespo had suffered "extreme physical pain," and the district court likewise rejected his contention that an evidentiary hearing was necessary to resolve the factual issue of serious bodily injury. This appeal followed. Admission of Rape Evidence __________________________ Defendant asserts that prejudicial error was committed by the court in admitting evidence of the victim's rape, since it was unnecessary to prove any of the elements of carjacking. He invokes Fed. R. Evid. 403, which compels the exclusion of even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." In reviewing this claim, we are mindful of several cautions. The first is Rule 403 itself. The admitted evidence must not only be prejudicial, but be unfairly prejudicial, and not only outweigh relevance but substantially outweigh relevance. United ______ -6- States v. Aguilar-Aranceta, 58 F.3d 796, 800 (1st Cir. 1995) ______ ________________ ("must be a significant tipping of the scales") (quoting 22 Charles A. Wright & Kenneth A. Graham, Jr., Federal Practice and ____________________ Procedure, 5221 at 309-310 (1978)). Moreover, we must accord _________ the trial court "especially wide latitude" in Rule 403 balancing. United States v. Rivera-Gomez, 67 F.3d 993, 997 (1st Cir. 1995). ______________ ____________ And finally, where the reviewing court finds the balancing close, Rule 403 tilts the balance in favor of admission. See United ___ ______ States v. Clarke, 24 F.3d 257, 265-66 (D.C. Cir. 1994). ______ ______ We begin by reporting the entire context of the objected to evidence, next consider its relevance, and then confront the extent to which its admission caused unfair prejudice. The critical testimony was given by Crespo after she told of being held up at 11:15 at night, forced to reenter her car to take defendant "somewhere," and being driven first to an automobile licensing station, then to the remote beach area, Naguabo, while directed to recline in her seat. Crespo then testified: Q And what happened after you reached the Naguabo area? A He made me get out, first he made me take my clothes off and then he made me get out of the car. He put his gun in his pants. He came over to my side. Q Did anything else happen? A He told me to get on all fours, in a squat. THE COURT: Get on all fours. THE WITNESS: And he raped me. EXAMINATION CONTINUED BY MS. CARRENO: Q You mentioned that he put a revolver in his waist? A Yes, but when he raped me, when he was about to rape me he put it on top of the car. -7- Q Were you able to observe that revolver on top of the car? A I felt it or I heard when he put it on top of the car. Q Were you able to observe it at any moment? A Yes, when he put it in the waist of his pants. Q Can you give the members of the jury a description of that revolver? A It was like a metal color with the handle that was like a wooden handle. Q After that, what, if anything else happened? A I asked him if now he could let me go. Q Did he in fact let you go? A He told me that if I had my shoes on I could get out. Q Did you in fact get out? A Yes. Q Did you have your clothes on? A Yes. Q Did anything happen before you were allowed to leave the car? A He had turned the car around and at that point was when I asked him if he could let me go. Q What happened after you left the car? A I went running along the beach shore to get to the road. Trial Transcript pp. 100-101. The government asserts that the evidence of rape was necessary to prove the "force and violence" element of the carjacking statute.5 But, unlike the situation in Rivera-Gomez, ____________ where we held that the act of killing a driver in the course of an attempted carjacking was highly probative of the "force and  ____________________ 5 The defendant contends that his offer to stipulate that he took Crespo's vehicle by "force and violence" forecloses the government's contention. If, however, the government's need for the rape evidence is not otherwise substantially outweighed by the risk of unfair prejudice to the defendant, the district court's rejection of such a stipulation would not constitute an abuse of discretion. See United States v. Tavares, 21 F.3d 1, 3 ___ _____________ _______ (1st Cir. 1994) (en banc) (affirming "the government's `right to "present to the jury a picture of the events relied upon,"'. . . including proof of all elements of the crime for which the defendant has been brought to trial") (citations omitted).  -8- violence" element, here, defendant already had seized control of the vehicle, wielding a weapon that Crespo later realized was a knife. At best, therefore, testimony about the rape was cumulative evidence of the use of force. A weightier claim of relevance is that knowledge of the sexual assault was important to the jury's ability to fully evaluate Crespo's credibility. A jury reasonably might attribute inconsistencies in her reports of the crime to her distress and disorientation in the aftermath of the rape. The government, no less than the defendant, is entitled to the benefit of such reasonable inferences. We therefore conclude that the evidence of rape was not devoid of relevance. Were this all that could be mustered on the side of admitting the evidence, we might have found the concededly highly prejudicial evidence of rape to meet the Rule 403 standard of substantial disproportion. But we also must consider the fact that the events at Naguabo related to a critical element of the then crime of carjacking -- possession of a firearm. The defense was based solely on the theory that possession of a firearm had not been proved beyond a reasonable doubt, a plausible argument given the law enforcement reports of differing statements from Crespo. The only direct evidence was the testimony we have quoted. Crespo's testimony of the conduct leading up to the rape -- particularly defendant's order that she get down on all fours -- -9- provided an important explanation for her having heard but not seen the gun being placed on the car roof. Without this evidence, the prosecution would be significantly hampered in providing the jury with the answers to a series of logical questions: why didn't she see the gun? where was she looking? what was shedoing? why wasthe weapon placed onthe roof ofthe car? Simply preventing the witness from stating, "And he raped me" would do nothing -- or very, very little -- to avoid prejudice. The victim had been taken to a remote beach, ordered to take her clothes off, get out of the car, and "get on all fours." The jurors would draw the logical inference. To require excision as well of all of the suggestive evidence not only would have unrealistically telescoped the events at Naguabo, but also would have stripped Crespo's testimony concerning the firearm of much of its credit worthiness. As the Fifth Circuit stated in United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979), ______________ _____ "Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing." See United States v. Cruz- ___ _____________ _____ Kuilan, 75 F.3d 59, 61 (1st Cir. 1996) (challenged forensic ______ evidence not only probative of "force and violence" element but also corroborated government's theory of the case). In sum, because Crespo's Naguabo testimony provided the sole direct evidence of the firearm, it was a "crucial chapter" in the narrative, Rivera-Gomez, 67 F.3d at 998. Although the rape ____________ evidence unquestionably was prejudicial, we cannot say that its -10- high probative value was substantially outweighed by the risk of unfair prejudice. The court did not abuse its discretion in admitting it.6 III. "Serious Bodily Injury" _______________________ The district court sentenced the defendant under subsection (2) of 2119, which increases the maximum term of imprisonment from 15 years to 25 years "if serious bodily injury (as defined in section 1365 of this title) results." Section 1365(g)(3), contained within the Federal Anti-Tampering Act, provides as follows: the term "serious bodily injury" means bodily injury which involves-- (A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty . . . . The district court applied the enhancement based on a determination that the rape caused Crespo "extreme physical pain." Defendant claims that there is no record support for such a finding, and that the court's decision therefore was clearly erroneous. We are constrained to agree. Although we can understand the court's desire to punish the defendant heavily, and agree with its view that the crime was "degrading, heinous, cruel and  ____________________ 6 We recognize that the district court's relative weighing of probativeness and prejudice focused on the rape evidence as relevant to the issue of "force and violence." Because the testimony is highly probative on the issue of firearm possession, we are comfortable affirming its judgment on a somewhat different basis.  -11- brutal," there is no record evidence that Crespo suffered either "extreme physical pain" or any of the other listed injuries. She testified only that she was raped, without any specific description of the assault. The presentence report states that defendant raped Crespo for about five minutes, but also lacks any elaboration. A medical report filed as part of the presentence report indicates that, approximately two hours after the attack, there was no evidence of any cuts or bruises in her vaginal area. The government suggests that, notwithstanding the absence of actual physical injury with pain, the court properly could apply the enhancement based on "extreme physical pain" because "Congress never intended rigid limiting definitions for the `serious bodily injury' terminology". The cases it cites, however, do not support this proposition. For the most part, they involve construction of the somewhat different "serious bodily injury" provision contained in the Sentencing Guidelines,7 and many also feature evidence of painful injuries suffered by the victim. See, e.g., United States v. Desormeaux, ___ ____ _____________ __________ 4 F.3d 628, 630 (8th Cir. 1993) (victim described pain from knife wound lacerating kidney as "a lot worse than giving birth to a  ____________________ 7 The guidelines define serious bodily injury as follows: "Serious bodily injury" means injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. As used in the guidelines, the definition of this term is somewhat different than that used in various statutes. U.S.S.G. 1B1.1, comment. (n.1(j)). -12- child"); United States v. Corbin, 972 F.2d 271, 272 (9th Cir. _____________ ______ 1992) (victim was struck on head twice with a metal object resembling a gun, causing a laceration that required a two-layer closure using more than 25 sutures).8 The government cites no case in which 2119(2) was applied based on "extreme physical pain" without some evidence of actual pain. Perhaps recognizing the weakness of its "extreme physical pain" argument, the government argues that the enhancement alternatively may be upheld because the victim also suffered extreme mental trauma. This claim is flawed not only because the district court did not make such a finding but also because there is no evidence that Crespo suffered a "protracted loss or impairment of the function of a . . . mental faculty," as required by 1365. The presentence report states that Crespo received no professional counseling or assistance in the  ____________________ 8 In two cases involving rapes, both decided under the guidelines and one of them unpublished, the Sixth Circuit upheld findings of "serious bodily injury" based on sections of the guidelines other than the "extreme physical pain" provision. See ___ United States v. Tipton, 11 F.3d 602, 609-10 (6th Cir. 1993) ______________ ______ (impairment of mental faculty and medical intervention); United ______ States v. Newman, 931 F.2d 57, 1991 WL 63625 at *3 (6th Cir. ______ ______ 1991) (unpublished per curiam) (primarily relying on medical ___ ______ intervention). In Newman, the court recognized that the ______ situation may not have satisfied a requirement of "extreme" physical pain. In another guidelines case involving rape, the Eighth Circuit concluded that the definition of serious bodily injury covers "any immediate serious physical trauma resulting from a rape," but that the pain and suffering connected to a rape- induced pregnancy is not encompassed by the definition. The court held, however, that the pregnancy and its related tragic consequences properly could serve as the factual predicate for an upward departure. United States v. Yankton, 986 F.2d 1225, 1229- _____________ _______ 30 (8th Cir. 1993).  -13- aftermath of the crime, relying instead on the support of her family and boyfriend. Although she told the probation officer that the ordeal "has had a devastating effect on her life, family, and consensual relationship," such generalities must fall short of proof measuring up to "protracted . . . impairment of . .. mentalfaculty"sufficienttojustifyanadditionalten-yearsentence. To be sure, even a rape that causes no physical pain is a unique and reprehensible physical and psychic invasion. The effort of the district court and government to reflect the severity of that crime through a flexible interpretation of the "serious bodily injury" requirement is therefore understandable. The statute by its terms, however, limits its application to specific types of injury, and the government cites no legislative history, nor has our own research uncovered any, suggesting that the subsections were meant to be less than all-inclusive.9 To say that any rape, regardless of the circumstances, is equivalent to these specified harms would broaden measurably the limited category of injuries that Congress designated as justifying a substantial increase in punishment for carjacking. __________ It would be, in effect, to add punishment for rape to the carjacking scheme, which already represents somewhat unusual  ____________________ 9 Although a rape of any type surely is a sufficiently serious physical invasion to justify a sentencing enhancement, the statute as written requires evidence of the specific, objective types of harm set out there. It may be that, in choosing the definition of serious bodily injury contained in 1365, a statute that penalizes the tampering of consumer products, see supra ___ _____ at 10, Congress did not recognize the limitations of its language.  -14- federal intervention into a typically state-law realm. We decline to stretch the language Congress wrote without some indication that it meant the provision to be elastic. See, e.g., ___ ____ United States v. Boots, 80 F.3d 580, 588 (1st Cir. 1996)(the rule _____________ _____ of lenity holds that "the harsher of two possible readings of a criminal statute will be enforced only when Congress has spoken clearly").10 The defendant's sentence thus must be vacated. If the government continues to seek the 2119(2) enhancement, it must provide some basis upon which the court may conclude that one or more of the statutory conditions of harm occurred. Contrary to defendant's assertion, an evidentiary hearing is not necessary. Rule 32 of the Federal Rules of Criminal Procedure requires that counsel for the defendant and the government be given an opportunity to comment at the sentencing hearing on matters relating to the appropriate sentence, but the decision whether to conduct an evidentiary hearing is within the court's discretion. Fed. R. Crim. P. 32(c)(1).11 The court, however, must resolve  ____________________ 10 Indeed, we think there is some question whether the rape is at all relevant to defendant's punishment under 2119 since it was not the "force and violence" by which he gained control of the vehicle. Arguably, the conduct punishable under 2119 occurred at the Isla Verde Marginal Road when Vazquez forcibly took control of Crespo's car, and the subsequent abduction and rape were separate violations of state law. We need not consider the scope of a carjacking here, however, because defendant does not raise such a claim. He argues only that the court could not apply the enhancement in the absence of proof of "extreme physical pain" or some other listed harm. 11 The case relied on by defendant, Specht v. Patterson, 386 ______ _________ U.S. 605 (1967), is inapposite. In that case, the Court ruled that due process required notice and a hearing before the -15- objections to the presentence report, and make findings on any controverted matter taken into account in sentencing. Id.12 ___ For the foregoing reasons, we affirm defendant's conviction, but vacate the sentence and remand for resentencing consistent with the principles expressed in this opinion.  ____________________ defendant, who had been convicted for indecent liberties under one Colorado statute, could be sentenced under the separate Colorado Sex Offenders Act, which contained more severe penalties. Here, the enhancement at issue is part of the statute under which the defendant was charged and convicted. 12 We note that the government partially defended admission of the rape evidence based on an assertion that 2119 required a jury finding beyond a reasonable doubt on "serious bodily injury," and further claimed that the jury's verdict reflects such a determination. The government's position is flawed in two respects. First, the verdict does not support such a determination because the jury made no specific findings on the defendant's conduct. Second, we have held that the alternative penalty provisions of 2119 are sentence enhancers whose applicability is a matter for the judge, not the jury. See ___ Rivera-Gomez, 67 F.3d at 1000. Accord United States v. Oliver, ____________ ______ _____________ ______ 60 F.3d 547, 552-53 (9th Cir. 1995); United States v. Williams, _____________ ________ 51 F.3d 1004, 1009 (11th Cir. 1995). -16-