# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2371

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | North Dakota. |
| Suna Felix Guy, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  December 12, 2001

Filed:  March 5, 2002

_____

Before McMILLIAN, HEANEY, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Suna Felix Guy pled guilty to aggravated sexual abuse on the Spirit Lake Reservation in violation of 18 U.S.C. §§ 2241(c) and 1153, and the district court sentenced him to 125 months.  Guy appeals, contending that the court erred in its application of a two level sentencing enhancement for serious bodily injury to his victim.  We remand for further proceedings.

## I.

In late 1999 Suna Guy offered a ride home to a young girl who had been babysitting at his residence. The girl, identified in the record as L.W.E. and as a fourteen year old virgin, was a cousin of the baby's mother. Instead of proceeding to L.W.E.'s home, Guy took a route unfamiliar to her and parked along a rural road on the reservation. He asked L.W.E. if she would go out with him. After she said that she did not want to, Guy began to touch her. L.W.E. resisted his advances, but Guy forced himself on her and pulled her pants and underwear down to her ankles. L.W.E. tried to push Guy away, but he pinned her down on the front seat with her head jammed against the passenger door and her hands forced above her head. L.W.E. told Guy that she did not want to have sex and that he was hurting her. Guy ignored her pleas to stop and forcibly raped her. L.W.E. began to cry, and she was reported to have seen blood on her underwear when she was allowed to put her clothes back on. Guy took L.W.E. home but threatened to come after her if she told anyone about the rape.

L.W.E. did not tell anyone about the rape for several months until her pregnancy began showing. On August 25, 2000, she gave birth, but she could not face raising the child under the circumstances and put it up for adoption. Tests determined that Guy was the biological father, a fact which he later admitted during proceedings in the district court in which he pled guilty to aggravated sexual abuse. L.W.E.'s parents stated in a Victim Impact Statement and at the sentencing proceeding in the district court that the rape and pregnancy had taken an emotional and physical toll on her. They reported that L.W.E. had hid from them and from friends because she felt humiliated and that she had been called names and written about on school walls. They said that she had been threatened and had been followed to frighten her into silence. Her father stated that L.W.E. had cried for months and had continuing nightmares, and the probation officer reported that L.W.E. was receiving psychological counseling for post traumatic stress disorder.

Guy was sentenced under §2A3.1 of the United States Sentencing Guidelines, the guidelines section for criminal sexual abuse offenses. Section 2A3.1 provides a base offense level of 27 for such offenses and a number of possible enhancements for specific offense characteristics. United States Sentencing Commission, Guidelines Manual, §2A3.1(a) - (b) (Nov. 2000). The specific offense characteristic at issue in this case is a two level enhancement for serious bodily injury to the victim under subsection (b)(4)(B).

Guy's presentence investigation report recommended that the court apply the enhancement for inflicting serious bodily injury under §2A3.1(b)(4)(B). Guy challenged the recommendation, and in an addendum to the report the probation officer stated that the enhancement was recommended "in accordance with Application note (j) to §1B1.1 of the 2000 edition of the U.S. Sentencing Guidelines Manual." See USSG §1B1.1, comment. (n.1(j)) (Nov. 2000).

Application Note 1(j) to §1B1.1 was revised in 1997. Its three definitions of serious bodily injury cover injuries involving extreme physical pain, protracted bodily or mental impairment, or medical intervention. The note also includes a "deeming" provision under which serious bodily injury is presumed if a defendant has committed acts amounting to criminal sexual abuse. Application Note 1 (j) reads as follows:

> "Serious bodily injury" means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. In addition, "serious bodily injury" is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse under 18 U.S.C. § 2241 or § 2242 or any similar offense under state law.

USSG §1B1.1, comment. (n.1(j)) (Nov. 2000). Guy pled guilty to an offense under 18 U.S.C. § 2241(c).

The district court relied on three parts of Application Note 1(j) in applying the enhancement to Guy under §2A3.1(b)(4)(B): the deeming provision, protracted bodily impairment suffered by L.W.E., and pain and suffering resulting from Guy's use of force and the resulting pregnancy. Together with other enhancements not at issue here, this gave Guy an adjusted offense level of 35. After a 3 level downward adjustment for acceptance of responsibility pursuant to §3E1.1, his total offense level was 32. Combined with his criminal history category of I, this resulted in a guidelines range of 121-151 months. The court sentenced Guy at the lower end of the range to 125 months.

II.

Guy appeals from his sentence, contending that the court erred in its application of the enhancement for serious bodily injury. He seeks to have his sentence vacated and the matter remanded for a hearing and resentencing. He contends that since L.W.E.'s pregnancy resulted from the conduct that constituted criminal sexual abuse, serious bodily injury may not be deemed under §1B1.1, comment. (n.1(j)) because of a 1997 amendment to §2A3.1 which restricts use of the new deeming provision in this way:

> [F]or purposes of this guideline, "serious bodily injury" means conduct other than criminal sexual abuse, which already is taken into account in the base offense level under subsection (a).

USSG §2A3.1, comment. (n.1) (Nov. 2000).

Guy further argues that even if the deeming provision were applicable, it would at most create a rebuttable presumption giving him the right to present evidence to show that L.W.E. did not suffer serious bodily injury. He also argues that under United States v. Yankton, 986 F.2d 1225, 1229 (8th Cir. 1993), the enhancement may be

applied for "immediate serious physical trauma" from a rape, but not for a resulting pregnancy.

The government responds that <u>Yankton</u> is not controlling because Guy was sentenced under revised guidelines, effective November 1, 1997, which changed sections affecting him and which permit consideration of L.W.E.'s pain and suffering. It also argues that the deeming provision in §1B1.1 can be applied in this case despite the limitation in §2A3.1, comment. (n.1), which it asserts only requires that "something more must occur" than the act of rape. It rejects Guy's contention that the deeming provision creates a rebuttable presumption.

<u>Yankton</u> was also a rape case raising the question of a sentencing enhancement for serious bodily injury. The rape victim there became pregnant with twins; one died in utero, the other was born with a fatal bone disease and lived for only three weeks. The district court declined to apply the enhancement, and the government appealed. We indicated that the definition of serious bodily injury in §1B1.1 "easily includes any immediate serious physical trauma resulting from a rape," but concluded that the Sentencing Commission had not intended the enhancement to apply to "the life altering consequences of a rape induced pregnancy." 986 F.2d at 1229. We upheld the district court on its refusal to use the enhancement, but reversed on its conclusion that it could not consider an upward departure and remanded for that purpose.

In 1997 the Sentencing Commission amended the guidelines in a way that affects the impact of our 1993 holding in <u>Yankton</u>. Section 1B1.1 was amended by adding the word "protracted" to "impairment of a function of a bodily member, organ, or mental faculty," USSG §1B1.1, comment. (n.1(j)) (Nov. 2000), making clear that the definition of serious bodily injury can now include non immediate bodily or

mental impairment resulting from a rape.[1]  The Commission also added a provision under which serious bodily injury is "deemed" to have occurred in some circumstances.

Two of the three grounds used by the district court to support the enhancement in this case were based on the 1997 amendments.  The first ground given by the district court was the deeming provision added to the definition of serious bodily injury in §1B1.1, comment. (n.1(j)).  Prior to the 1997 revisions, the commentary to § 2A3.1 contained a cross reference to §1B1.1 which simply stated that serious bodily injury was defined in the commentary to §1B1.1.[2]  USSG §2A3.1, comment. (n.1)

---

[1]Even prior to the 1997 amendments, courts had applied the serious bodily injury enhancement under §2A3.1(b)(4) in rape cases where the victim suffered mental impairment and psychological trauma.  See, e.g., United States v. Scott, 985 F.2d 576, 1993 WL 12495, at **5-6 (9th Cir. Jan. 22, 1993) (unpublished opinion); United States v. Wallace, 976 F.2d 734, 1992 WL 233908, at **4-5 (6th Cir. June 19, 1992) (unpublished opinion).  See also United States v. Amerson, 864 F. Supp. 458, 463-64 (M.D. Pa. 1994) (psychological pain and medical intervention).  In addition, in a case involving other offenses, the Sixth Circuit had used the pre 1997 definition in the commentary to §1B1.1 to find serious bodily injury to a rape victim based on psychological pain and medical intervention.  United States v. Tipton, 11 F.3d 602, 609-10 (6th Cir. 1993), cert. denied, 512 U.S. 1212 (1994).

[2]Prior to the 1997 amendments, §1B1.1 defined serious bodily injury as follows:

> "Serious bodily injury" means injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. As used in the guidelines, the definition of this term is somewhat different than that used in various statutes.

USSG §1B1.1, comment. (n.1(j)) (Nov. 1990).

(Nov. 1990). The addition of the deeming provision in 1997 affected this definition by indicating that serious bodily injury "is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse..." USSG §1B1.1, comment. (n.1(j)) (Nov. 2000). The cross reference in the application note to §2A3.1 was also revised, however, to limit application of the deeming provision for sentences under this section to "conduct other than criminal sexual abuse." USSG §2A3.1, comment. (n.1) (Nov. 2000). The second ground used by the district court at Guy's sentencing was protracted bodily impairment, a ground given a new temporal dimension by the 1997 amendments.

The interpretation of the scope of the guidelines is a question of law that is reviewed de novo. United States v. Werlinger, 894 F.2d 1015, 1016 (8th Cir. 1990). The district court's factual findings under the guidelines are reviewed with appropriate deference because of its greater familiarity with the factual record. Buford v. United States, 532 U.S. 59, 65-66 (2001); Koon v. United States, 518 U.S. 81, 97-100 (1996).

We have found no case discussing the relationship between the revised 1997 commentaries to §2A3.1(b)(4)(B) and §1B1.1, but the 1997 guideline revisions followed Congressional action taken in response to the decision in United States v. Rivera, 83 F.3d 542, 547-48 (1st Cir. 1996). In Rivera, the First Circuit had held that a carjacker's violent rape had not inflicted "serious bodily injury" to the victim where there was no record that she had suffered "extreme physical pain," "extreme mental trauma" or the "protracted loss or impairment of the function of a... mental faculty."[3]

---

[3]The definition of "serious bodily injury" applied in Rivera was not the definition from §1B1.1, comment. (n.1(j)), but one contained in the Federal Anti-Tampering Act:
> [T]he term "serious bodily injury" means bodily injury which involves–
> (A) a substantial risk of death;
> (B) extreme physical pain;

Id. By the Carjacking Correction Act of 1996, Congress amended the statute under which Rivera had been convicted, 18 U.S.C. § 2119, to make clear that the statutory definition of "serious bodily injury" included conduct constituting aggravated sexual abuse or sexual abuse under 18 U.S.C. § § 2241 and 2242. See Pub. L. 104-217, 110 Stat. 3020 (1996). The Sentencing Commission then promulgated Amendment 545, which became law on November 1, 1997 and made it possible for someone in Rivera's situation to receive an enhancement for serious bodily injury because of the new deeming provision. His conduct constituted aggravated sexual abuse, in violation of 18 U.S.C. § 2241, in addition to supporting his conviction for carjacking.

A key question in this case is whether the deeming provision may be applied in sentencing a defendant convicted of criminal sexual abuse under 18 U.S.C. § 2241. The base offense level for such offense is set under §2A3.1(a). When the Sentencing Commission added the deeming provision to §1B1.1, comment. (n.1(j)), it also amended the commentary to §2A3.1 to exclude use of that provision in sentencing someone convicted for criminal sexual abuse under 18 U.S.C. § 2241 or § 2242. Under the deeming provision, serious bodily injury "is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse..." USSG §1B1.1, comment. (n.1(j)). The contemporary addition to the commentary for §2A3.1 provides, however, that serious bodily injury "means conduct other than criminal sexual abuse, which already is taken into account in the base offense level under subsection (a)." USSG §2A3.1, comment. (n.1) (emphasis added).

The deeming provision, in combination with the restriction in §2A3.1, appears to have been intended to make an enhancement for serious bodily injury automatically

(C) protracted and obvious disfigurement; or
(D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty...

18 U.S.C. § 1365(g)(3).

available if the offender's conduct underlying his conviction for another type of offense also involved criminal sexual abuse, but not if the conviction is for sexual abuse. Without the restriction, the base offense level under §2A3.1(a) for all criminal sexual abuse offenses would have been effectively raised from 27 to 29 by addition of the deeming provision. By the revisions to both §1B1.1, comment. (n.1(j)) and §2A3.1, comment. (n.1), the Commission provided that the same conduct would not automatically determine both the base offense level for a criminal sexual abuse offense and an enhancement for serious bodily injury, a specific offense characteristic.[4] Because the Commission placed this exclusion in the commentary to §2A3.1, the deeming provision in Application Note 1(j) cannot be used to enhance a sentence for criminal sexual abuse. The district court thus erred in using this ground as a basis for Guy's enhancement.

The district court also rested its enhancement on protracted impairment. The Sentencing Commission's 1997 amendment added "protracted" to one of the three definitions of serious bodily injury in the commentary to §1B1.1: "'Serious bodily injury' means injury involving... the protracted impairment of a function of a bodily member, organ, or mental faculty..." USSG §1B1.1, comment. (n.1(j)) (emphasis added). Although it is still true that the definition of serious bodily injury "easily includes any immediate serious physical trauma resulting from a rape," as we said in Yankton, 986 F.2d at 1229, the Sentencing Commission's addition of the word

---

[4]This conclusion is supported by a similar change made in 1997 to the application note to §2A4.1. Section 2A4.1(b)(5) creates an automatic 3 level enhancement if the victim is sexually exploited in connection with a kidnapping, abduction, or unlawful restraint. In 1997, §2A4.1 was also changed to preclude application of the deeming provision in §1B1.1, comment. (n.1(j)): "[F]or purposes of this guideline, 'serious bodily injury' means conduct other than criminal sexual abuse, which is taken into account in the specific offense characteristic under subsection (b)(5)." USSG §2A4.1, comment. (n.1) (Nov. 2000).

"protracted" means that the enhancement can now be applied if the victim suffers long lasting bodily or mental impairment.

Because of this amendment the district court was not prohibited from considering whether L.W.E. suffered serious bodily injury because of protracted impairment of bodily or mental functions.[5] It is possible that a pregnancy could impair the functioning of several organs and that a rape could impair a victim's mental faculties, especially when a pregnancy results, but this enhancement cannot be applied without specific factual findings to support it. Although the district court relied on protracted impairment to find serious bodily injury in this case, it did not make underlying findings as to what specific bodily or psychological impairment L.W.E. suffered. We therefore remand for specific findings.

The district court also cited L.W.E.'s pain and suffering as a basis for the enhancement under §2A3.1(b)(4)(B). The definition in §1B1.1, comment. (n.1(j)) for serious bodily injury includes "injury involving extreme physical pain." In its brief statement about pain and suffering, the district court mentioned Guy's use of force and suggested that L.W.E. was hurt during the rape. It also referred to her unwanted pregnancy. Yankton held that the enhancement "easily includes any immediate serious physical trauma resulting from a rape," 986 F.2d at 1229, but it did not describe any in that case or categorically exclude longer lasting physical pain arising from a rape.[6] Here, the record shows that Guy used force, that L.W.E. was jammed

---

[5]Neither the district court nor Yankton addressed the issue of a possible enhancement for serious bodily injury under the third definition in the commentary to §1B1.1 – where a victim requires "medical intervention such as surgery, hospitalization, or physical rehabilitation." USSG §1B1.1, comment. (n.1(j)). Specific findings would of course be necessary to support use of this ground in any sentencing.

[6]The court in Yankton focused on suffering connected to complications in the victim's pregnancy and the tragic loss of her twins, circumstances which it termed

against the car door (the government says her head was banged against it), that she told Guy he was hurting her, that she was a virgin and cried during the rape, and that she apparently bled from it. Without more specific findings by the court, however, we cannot tell what it had in mind or whether an enhancement for extreme physical pain would be appropriate.

## III.

In sum, we hold that the deeming provision in §1B1.1, comment. (n.1(j)) cannot be applied in this case, and that the district court did not make sufficient findings to review whether L.W.E. sustained serious bodily injury as that is otherwise defined in the guidelines. We therefore remand for further proceedings, after which the district court shall certify its additional findings to the clerk of this court who will direct them to the panel's attention.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

"life altering consequences," 986 F.2d at 1229, and which might "serve as the factual predicate for an upward departure." Id. at 1230. A departure under USSG §5K2.0 may be granted where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines..." USSG §5K2.0 (quoting 18 U.S.C. § 3553(b) (2000)).