**UNITED STATES of America,
Plaintiff,**

v.

**Suna Felix GUY, Defendant.**

**No. C2–00–79.**

United States District Court,
D. North Dakota,
Northeastern Division.

Feb. 27, 2003.

Joel Frederick Arnason, Arnason & Arnason, Grand Forks, ND, for Defendant.

Janice M. Morley, U.S. Attorney, U.S. Attorney's Office, Fargo, ND, for Plaintiff.

ADDITIONAL FINDINGS, CONCLUSIONS OF LAW AND REIMPOSITION OF SENTENCE,

WEBB, District Judge.

I.   Introduction

The above-named defendant was convicted of aggravated sexual abuse and this Court sentenced him to 125 months. Defendant appealed the Court's decision to apply a two level sentencing enhancement for inflicting serious bodily injury on his victim. The circuit court found that the "deeming" provision did not apply, and there were insufficient factual findings to determine whether the sentencing enhancement was appropriate, and remanded the case for further proceedings.

In response, the Court held two post-sentencing hearings. At the first hearing, the parties presented deposition evidence of the victim's mental and physical condition immediately after and in the months following the rape. The parties deposed two doctors associated with the Indian Health Service in Fort Totten, North Dakota: OB–GYN Dr. Dorothy Dillard, and Clinical Psychologist Dr. Stephanie LaRocque. The Court took the deposition evi-

dence and the parties oral arguments on the matter under advisement, and at the second hearing the Court reimposed the defendant's 125 month sentence. The findings that support this sentence are explained below.

## II. Background

The Court incorporates by reference the background provided in *United States v. Guy*, 282 F.3d 991 (8th Cir.2002).

## III. Findings

Section 2A3.1(b)(4)(B) of the United States Sentencing Guidelines provides for a sentence enhancement for inflicting serious bodily injury upon the victim of criminal sexual abuse. "Serious bodily injury" is defined in Application Note 1(*i*)to § 1B1.1. According to § 1B1.1 there are three categories of serious bodily injury: (1) injuries involving extreme physical pain; (2) injuries involving protracted bodily or mental impairment, or medical intervention; and (3) injuries sustained during criminal sexual abuse. The Court is only concerned with the first two categories, because the Circuit specifically ruled out the third provision, the "deeming" provision, in this case.[1]

### A. Extreme Physical Pain

█ As the Circuit noted in its opinion, L.W.E. suffered immediate extreme physical pain as a result of the abuse. Her head was jammed or was banged against the car door. She told the defendant that he was hurting her and she cried and bled during the rape.

In addition to the immediate physical pain, L.W.E. also suffered longer lasting physical pain as a result of the rape. The testimony of Dr. Dillard indicates that L.W.E. suffered extreme physical pain during her labor. The doctor notes that on a pain scale of one to ten, ten being the most painful, an average labor is a six or seven. Thus, labor by itself involves extreme physical pain. However, Dr. Dillard indicates L.W.E.'s labor measured a ten on the pain scale. A ten represents the most pain a human-being could possibly endure.

This high level of pain was caused, in part, because of L.W.E's age and the fact that she had a small-body frame that was still growing and unable to cope with the stress of child birth. In addition to being physically immature for labor, the pain of child birth was enhanced when L.W.E. suffered a complete tear of the wall between the rectum and vagina. She also suffered facial petechia or broken blood vessels on her face; and suffered from severe hemorrhaging, which without medical intervention would have caused her death.

The defendant admits that child birth is painful and argues that L.W.E.'s pain was a result of routine labor. First, the Court disagrees with the defendant's characterization of L.W.E.'s labor as routine. The evidence shows that her labor was in fact extraordinarily painful. Second, even if it was routine child birth, the defendant misses the point, that routine child birth involves extreme physical pain.

The Court, therefore, concludes that L.W.E.'s labor involved extreme physical pain. L.W.E.'s pregnancy was a result of the defendant's criminal activity. There is, then, a direct correlation between the

---

1. Injuries are "deemed" serious if a defendant has committed acts amounting to criminal sexual abuse. However, this "deeming" provision is inapplicable to the present case because of an exception found in § 2A3.1, which excludes consideration of the "deem-ing" provision in determining serious bodily injury for offenses under § 2A3.1. The fact that criminal sexual abuse occurred in the offense is already taken into account in the base offense level.

defendant's criminal activity and L.W.E.'s extreme physical pain. Consequently, the two level enhancement for infliction of serious bodily injury is justified.

## B. Protracted Impairment

■ L.W.E. suffered protracted impairment of her bodily and mental functions, in addition to extreme physical pain. The word "protracted" here implies that this category of serious bodily injury can be applied if the victim suffers long lasting bodily or mental impairment. In the present case, the evidence suggests that L.W.E. suffered from both a protracted physical impairment and a protracted mental impairment.

As far as protracted mental impairment, Dr. LaRocque testified that L.W.E. suffered from depression and posttraumatic stress disorder (PTSD).[2] The evidence shows that L.W.E. suffered these mental impairments until at least March of 2001 when she stopped seeing mental health professionals. Dr. LaRocque testified that L.W.E. was not cured in March 2001, she just stopped seeking treatment, thus she still could be suffering from these mental impairments today. In any case, the word "protracted" means lengthened, extended or prolonged, but it does not mean permanent or unalterable; thus, evidence that L.W.E. suffered from depression and PTSD from late 1999, the date of her assault, to at least March of 2001 is sufficient for this Court to find serious bodily injury.

As far as physical impairment, L.W.E. became pregnant. Pregnancy alone, without the complications, is a life-altering physical impairment. L.W.E. braved approximately nine months of pregnancy related nausea and vomiting, exhaustion, hot flashes, back pain, contractions, weight-gain, and other illnesses and discomforts commonly associated with pregnancy. These discomforts are directly caused by the defendant's act. Again, protracted physical impairment does not mean permanent, thus the approximately nine months of pregnancy qualify as an impairment for purposes of applying the serious bodily injury enhancement.

The serious bodily injury enhancement is also proper where the victim requires medical intervention such as surgery, hospitalization, or physical rehabilitation. Here, L.W.E. was hospitalized because of injuries she sustained as a result of child birth. This hospitalization was directly caused by the defendant's act of aggravated criminal sexual abuse.

Therefore, even without considering the extreme physical pain caused by L.W.E.'s pregnancy, her protracted mental impairment, protracted physical impairment, and the medical intervention necessitated by her pregnancy warrant a two-level enhancement for serious bodily injury.

## IV. Conclusion

■ These facts, taken together, convince the Court that the defendant's victim sustained serious bodily injury. The Court is further convinced that the fact a victim becomes pregnant is not included in the base offense level of § 2A3.1 because not every case of criminal sexual abuse results in the victim's pregnancy. Therefore, the Court FINDS that the two level enhancement under § 2A3.1(b)(4)(B) is required by the guidelines. The Clerk of Court is ORDERED to transmit a copy of these additional findings to the Clerk of the Eighth Circuit Court of Appeals who will then direct these findings to the pan-

---

2. L.W.E. demonstrated symptoms of PTSD including; insomnia, hypervigilance, slow pyschomotor retardation, crying, dysphoric mood, and lack of verbal and physical communication.

el's attention.   IT IS SO FOUND AND ORDERED.