# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 01-2371

———————

United States of America,           *
                                    *

       Plaintiff-Appellee,     *

                                    *   Appeal from the United States

   v.                             *   District Court for the

                                    *   District of North Dakota.

Suna Felix Guy,                *

                                    *

       Defendant-Appellant.   *

———————

Submitted: June 30, 2003
Filed: August 22, 2003

———————

Before McMILLIAN, HEANEY, and MURPHY, Circuit Judges.

———————

MURPHY, Circuit Judge.

     This case is back after remand to the district court for additional findings on a sentencing guideline issue involved in Suna Felix Guy's appeal from his 125 month sentence for aggravated sexual abuse. On his appeal Guy claims that the district court erred by enhancing his sentence two levels for serious bodily injury to his victim. We earlier concluded that the court had erred by basing the enhancement on a guideline provision deeming serious bodily injury, but that the record was incomplete in respect to the court's reliance on the other definitions of serious bodily injury in the guideline and remanded for further findings. See United States v. Guy, 282 F.3d 991, 996–97 (8th Cir. 2002) (Guy I). On remand the district court made additional findings and

again concluded that Guy's victim had suffered serious bodily injury and resentenced him to 125 months. Guy urges that the judgment be reversed and the case remanded for resentencing without the enhancement. We affirm.

The charges against Guy arose from his rape of L.W.E., a fourteen year old babysitter, who became pregnant as a result. Guy pled guilty to knowingly engaging in a sexual act with the victim, who fit the age requirements of the charge, in violation of 18 U.S.C. §§ 2241(c) and 1153. At sentencing Guy's base offense level was set at 27 which was enhanced by four levels for the use of force, two levels for the age of the victim, and two levels for serious bodily injury to the victim. See United States Sentencing Commission, Guidelines Manual, § 2A3.1 (Nov. 2000) [USSG]. After three levels were subtracted for acceptance of responsibility, his total offense level was 32 which, combined with his criminal history category of I, resulted in a sentencing range was 121–151 months. The district court sentenced Guy to 125 months. Guy appealed, claiming that the court erred by applying the two point enhancement for serious bodily injury under § 2A3.1(b)(4)[1] and as defined in § 1B1.1 of the guidelines.[2]

_____

[1] § 2A3.1(b)(4) states:
(A) If the victim sustained permanent or life-threatening bodily injury, increase by 4 levels; (B) if the victim sustained serious bodily injury, increase by 2 levels; or (C) if the degree of injury is between that specified in subdivisions (A) and (B), increase by 3 levels.

See United States Sentencing Commission, Guidelines Manual, § 2A3.1, (Nov. 2000) [USSG]

[2] At the time of Guy's sentencing, § 1B1.1 defined serious bodily injury as follows:

"Serious bodily injury" means involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery,

The district court had relied on three parts of the definition for serious bodily injury in Application Note 1(j) when it applied the two level enhancement. See Guy I, 282 F.3d at 993. The court first relied on the deeming provision which the Sentencing Commission had added to the definition of serious bodily injury. That provision states that serious bodily injury "is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse …." USSG § 1B1.1, comment. (n.1(j)). We previously concluded that the deeming provision did not apply to Guy. Commentary by the Sentencing Commission makes it clear that that provision may not be used in sentencing a defendant for criminal sexual abuse if the same conduct that would support the enhancement has already been taken into account in setting the base offense level. Guy I, 282 F.3d at 995–96. Although the district court had also relied on the definition provisions for protracted impairment of bodily or mental function, it had not made sufficient findings about which functions had been impaired or the duration of the impairment. The court's reliance on "injury involving extreme physical pain" also lacked specifics. Id. at 997. We therefore remanded for further proceedings and findings. Id.

Following further briefing and an evidentiary hearing, the district court reimposed the sentence of 125 months after making specific findings basing the enhancement for serious bodily injury on extreme physical pain, protracted impairment, and the necessity for medical intervention. In its Additional Findings, Conclusions of Law and Reimposition of Sentence, the court found that L.W.E. had endured extreme physical pain during labor because her labor was extraordinarily painful and was measured by her physician at the highest point on the pain scale. It

hospitalization, or physical rehabilitation. In addition, "serious bodily injury" is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse under 18 U.S.C. § 2241 or § 2242 or any similar offense under state law.

See USSG, § 1B1.1, comment. (n.1(j)).

also found that she had suffered from a protracted mental impairment because of depression and post traumatic stress disorder (PTSD) from late 1999 to at least March of 2001. Additionally, the court concluded that L.W.E.'s pregnancy was "a life altering physical impairment," which she experienced for some nine months and which caused nausea, back pain, and contractions among "other illnesses and discomforts." Finally the district court concluded that the serious bodily injury enhancement was appropriate because L.W.E. required medical intervention and hospitalization "for injuries she sustained as a result of child birth."

Guy appeals, arguing that the district court erred by applying the serious bodily injury enhancement to the facts of his case. He requests that his sentence be vacated and the matter remanded for resentencing without the two level enhancement, giving him an offense level of 30 and a sentencing range of 97–121 months. Guy argues that L.W.E. did not suffer serious injury at the time of the rape or long lasting trauma as a result. He contends there is no indication in the record that she required any immediate or future treatment for bodily injuries and that his base offense level already accounted for the possibility of pregnancy since that is a risk of rape. Additionally, he argues that the pain of childbirth is too attenuated from the crime to use as a basis for the enhancement.

The government responds that the district court did not err and that it articulated specific factual findings to support the enhancement: that the victim continues to suffer from PTSD as a result of the rape and pregnancy, that she was under a doctor's care during and after the pregnancy, and that she suffered an abnormal birth which caused her to experience extreme physical pain. It contends that all of its findings support the enhancement for both protracted impairment and extreme physical pain. The sentence should therefore be affirmed.

The interpretation of the scope of a sentencing guideline is a question of law which is reviewed de novo, see U.S. v. Werlinger, 894 F.2d 1015, 1016 (8th Cir.

1990), and the court's factual findings underlying an enhancement are reviewable for clear error.  See U.S. v. Kills in Water, 293 F.3d 432, 435 (8th Cir. 2002).

At the evidentiary hearing on remand, deposition testimony was presented from Dr. Dorothy Dillard, the obstetrician who attended L.W.E.'s delivery, and Dr. Stephanie LaRocque, a clinical psychologist who had treated L.W.E. after the rape and after childbirth.  Dr. Dillard testified that L.W.E. suffered extreme physical pain during her labor, that on scale of one to ten an average labor is a six or seven, and that L.W.E.'s labor measured ten on the pain scale.  The district court found that ten represented the most pain a human being could possibly endure and that L.W.E. experienced this high level of pain because her young age and small body frame made her physically unable to cope with the stress of childbirth.  It also found that the pain of labor was increased because L.W.E. suffered a complete tear of the wall between the rectum and vagina, she suffered from facial petechia or broken blood vessels on her face, and she suffered severe hemorrhaging from which she would have died without medical intervention.

Additionally, the court found that L.W.E. suffered protracted impairment of both her bodily and mental functions.  In respect to the protracted mental impairment, Dr. LaRocque testified that L.W.E. suffered from depression and PTSD.  She described her symptoms as including insomnia, hyper vigilance, slow psychomotor retardation, crying, dysphoric mood, and lack of verbal and physical communication. The district court found that L.W.E. suffered from these symptoms from the time of the rape in 1999 until at least March 2001, and possibly still suffers from them today. As far as physical impairment, the district court determined that L.W.E. endured nine months of pregnancy related illnesses and discomforts and required medical intervention as a result of the injuries she sustained during labor.  It also concluded that pregnancy is not accounted for in the base offensive level for criminal sexual abuse under § 2A3.1 because not every rape results in pregnancy.

We conclude that the extensive findings made by the district court on remand are supported by the evidentiary record and are more than sufficient to justify application of the serious bodily injury enhancement in § 2A3.1(b)(4)(B). The evidence shows that L.W.E. suffered extreme physical pain during her labor and delivery which was made difficult by her small frame and resulted in a complete tear of the wall between the vagina and the rectum and severe hemorrhaging. Her depression and PTSD were well documented and lasted from the time of the rape in October 1999 until at least March 2001, constituting a protracted impairment of the function of her mental faculty. Since this evidence and these findings are sufficient to support the court's ultimate finding, that as a direct result of Guy's crime L.W.E. suffered serious bodily injury within the meaning of § 1B1.1, we need not consider the other grounds relied on by the district court. We conclude that the district court did not err by applying the enhancement for serious bodily injury.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.