# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1542

_____

United States of America,

        Plaintiff-Appellee,

    V.

Santiago Gomez,
also known as Santiago,

        Defendant-Appellant.

\* Appeal from the United States
\* District Court for the Southern
\* District of Iowa.

\* [UNPUBLISHED]

_____

Submitted: October 19, 2004
Filed: November 1, 2004

_____

Before MURPHY, HEANEY, and BEAM, Circuit Judges.

_____

PER CURIAM.

Santiago Gomez was convicted by a jury of conspiracy to distribute cocaine. The district court[1] found him responsible for 58.54 kilograms of cocaine with a base offense level of 36, applied a three level enhancement for his role as a manager or supervisor, and sentenced him to serve 300 months. Gomez appeals, arguing that the

_____

[1] The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

district court's findings of drug quantity and role in the offense were not supported by the evidence.[2]  We affirm.

Gomez argues that 40 kilograms of cocaine were improperly attributed to him. He contends the evidence did not show that he was involved in the 40 kilogram transaction and that there had been at most preliminary discussions.  He also argues that the transaction was not within the scope of the conspiracy and that the conspiracy was not capable of delivering that amount.  The government points to evidence that Gomez was part of the same drug network as those who planned this transaction, that there was an agreement to do the deal, that this transaction was a reasonably foreseeable activity of the conspiracy in which Gomez had an integral role, and that the conspiracy was capable of supplying thousands of kilograms of cocaine.  We conclude that the district court did not clearly err in its finding of drug quantity.

Gomez also argues there was no proof he had a managerial or supervisory role in the conspiracy.  There was evidence, however, that Gomez supervised and managed Darryl Wilson and that he directed cocaine delivery times and locations. We conclude that the district court did not clearly err in its finding of Gomez's role in the offense.

After our de novo review of the district court's application of the sentencing guidelines to the facts, see United States v. Guy, 340 F.3d 655, 658 (8th Cir. 2003), we conclude that there is no basis for reversal.  The judgment of the district court is therefore affirmed.

_____

[2]Counsel for Gomez has requested leave to file a supplemental brief on the applicability of Blakely v. Washington, 124 S. Ct. 2531 (2004), but we have decided not to receive such briefs until after the Supreme Court releases its opinions in United States v. Booker and United States v. Fanfan.  See Administrative Order Regarding Blakely Cases, issued on September 27, 2004.